UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2024

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

        Plaintiff,

-against-

HUDSON EXCESS INSURANCE COMPANY

        Defendant.

1:23-cv-3249 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

      On September 7, 2023, Defendant Hudson Excess Insurance Company ("Defendant") filed an unopposed motion for leave to file and serve an amended counterclaim and a third-party summons and complaint. [ECF No. 25 (the "Motion")]. On January 22, 2024, the Court ordered Defendant to submit a redline version of its proposed amended counterclaim to aid the Court in resolving the Motion. [ECF No. 29]. That Order was erroneously docketed as an order "granting" the Motion. [*See* ECF No. 29 (docket text)]. On January 25, 2024, Defendant filed the requested redline document. [ECF No. 30]. On February 1, 2024, without leave of Court, Defendant filed the contemplated third-party complaint. [ECF No. 31]. Pursuant to the Case Management Plan and Scheduling Order in this case, "[a]mended pleadings may not be filed and additional parties may not be joined except with leave of the Court." [ECF No. 24]. However, in consideration of the apparent error in the docketing of the Court's January 22 Order and the Court's intent to grant the Motion, the Court will accept Defendant's filing. *See Farrell Fam. Ventures, LLC v. Sekas & Assocs., LLC*, 863 F. Supp. 2d 324, 330–31 (S.D.N.Y. 2012) ("[I]t is well settled in this Court . . . that timely motions for leave to implead non-parties should be freely granted to promote judicial efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim."). Accordingly, IT IS HEREBY ORDERED that the Motion

is DENIED as moot insofar as it requests leave to file and serve a third-party summons and complaint.

IT IS FURTHER ORDERED that the Motion is GRANTED insofar as it seeks leave to file and serve an amended counterclaim. *See* Fed. R. Civ. P. 15(a)(2); *Sanchez v. Loc. 660, United Workers of Am.*, 25 F. Supp. 3d 261, 268 (E.D.N.Y. 2014) (granting motion to amend in part to correct typographical errors). Defendant's amended counterclaim shall be filed by February 21, 2024.

Failure to comply with the Court's deadlines, orders, and Individual Rules of Practice may result in sanctions, including preclusion or dismissal of claims or defenses and monetary sanctions, including on counsel personally.

**SO ORDERED.**

**Date: February 14, 2024**  **MARY KAY VYSKOCIL**
**New York, NY**  **United States District Judge**