```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,                                    Case No. 1:23-cv-03249-MMG

                                    Plaintiff,

                                                       [PROPOSED] STIPULATION
         -against-                                     AND PROTECTIVE ORDER

HUDSON EXCESS INSURANCE COMPANY,

                                    Defendant.
------------------------------------------------------------------------X

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

**ORDERED** that the following restrictions and procedures shall apply solely and be confined to the exchange and use of Defense Billing, as defined in Paragraph 1 herein, by the parties in connection with reimbursement of legal fees defined in Paragraph 1 with this action:

1. "Defense Billing" means the legal billing statements and expense invoices, incurred in defense of Schimenti Construction Company, LLC ("Schimenti") and 63 Madison Owner LLC ("63 Madison") in the lawsuit entitled *Christian Fares v. Schimenti Construction Company, LLC, et al.,* pending in the Supreme Court of the State of New York, Queens County, Index No. 716020/2021 (the "Underlying Action"), for which Travelers Property Casualty Company of America seeks reimbursement from Hudson Excess Insurance Company.

2. Counsel for any party the subject of this Protective Order may designate any document or information in whole or in part as confidential if counsel believes that portion of the Defense Billing that counsel reasonably and in good faith believes consists of:

   a. Material subject to attorney-client privilege and/or work product protection in connection with the Underlying Action;

   b. Information relating to rates, fees, and/or retainers charged by defense counsel, consultants, vendors, and/or experts in connection with the Underlying Action; or

   c. Any other category or information this Court subsequently affords confidential status.

That portion of the Defense Billing designated by a party as confidential (hereinafter referred to as the "Confidential Information") shall be so designated by (a) stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion of the Defense Billing in a manner that will not interfere with legibility; and (b) producing for future public use another copy of said Defense Billing with the confidential portion redacted.

3. The Confidential Information disclosed will be held and used by the person receiving

1

such information solely for use in connection with this action.

4. In the event a party challenges another party's designation of Confidential Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. All information and documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:
   a. The receiving party and counsel, including in-house counsel, except for employees and representatives of Hudson Excess Insurance Company assigned to the defense of any party adverse to Schimenti or 63 Madison in the Underlying Action;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of this matter, to the extent deemed necessary by counsel and subject to Paragraph 6 *et seq.* herein; and
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any consultants or experts pursuant to Paragraph 5(c), counsel must:
   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an Agreement in the form annexed as Exhibit A hereto.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If a producing party realizes that some portion of the Defense Billing previously produced without limitation should be designated as "CONFIDENTIAL," he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Defense Billing will thereafter be treated as Confidential Information subject to all the terms of this Protective Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and

cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. All Confidential Information filed with the Court must be redacted and preceded by an appropriate application to file the Confidential Information under seal with the Court. The parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of this litigation, any copies of Confidential Information disclosed pursuant to Paragraph 6 *et seq.* shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. Receiving parties and their counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

USERY & ASSOCIATES                                    MELITO & ADOLFSEN P.C.


/s/*Logan A. Carducci*                                   /s/*Steven I. Lewbel*
Logan A. Carducci                                        Steven I. Lewbel
*Attorneys for Travelers Property Casualty*              *Attorneys for Hudson Excess Insurance*
*Company of America*                                     *Company*
Mailing Address:                                         233 Broadway, Ste. 2070
P.O. Box 2996                                            New York, NY 10279
Hartford, CT 06104                                       T. (212) 238-8900
T. (917) 778-6462                                        F. (212) 238-8999
F. (844) 571-3789                                        E. sil@melitoadolfsen.com
E. lcarducc@travelers.com


Dated: 12/18/2025            Dated: 12/18/2025


**SO ORDERED.**

**Date:** December 19, 2025
**New York, New York**                    **MARGARET M. GARNETT**
                                          **United States District Judge**

4

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,                                    Case No. 1:23-cv-03249-MMG

                        Plaintiff,

                                               <u>AGREEMENT</u>

               -against-

HUDSON EXCESS INSURANCE COMPANY,

                        Defendant.
-----------------------------------------------------------------------X

I, _____, have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are governed by the stipulation and protective order in this matter, a copy of which has been provided to me.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:

_____

Signed in the presence of:

_____

(Attorney)

5