USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS PROPERTY CASUALTY INSURANCE CO. OF AMERICA,

Plaintiff,

-against-

HUDSON EXCESS INSURANCE CO.,

Defendant.

23-CV-03249 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

On September 30, 2025, the Court granted summary judgment in favor of Plaintiff Travelers Property Casualty Company of America ("Travelers") in this insurance dispute. *See* Dkt. No. 91. Travelers then moved for entry of a money judgment, *see* Dkt. Nos. 103 and 104, and Defendant Hudson Excess Insurance Company ("Hudson") opposed that motion, *see* Dkt. No. 113 ("Opp."). For the reasons stated below, the Court grants Travelers' motion.

**BACKGROUND**

The Court presumes familiarity with the underlying facts. Relevant to this motion for a money judgment is that the Court earlier granted Travelers' motion for summary judgment. *See* Dkt. No. 91 ("Summary Judgment Opinion"). In that motion, Travelers sought a declaratory judgment that Hudson was obligated to defend parties in an underlying action in New York State Supreme Court arising from injuries that an employee allegedly sustained while working at a construction site. *Id.*

The Summary Judgment Opinion concluded that: (1) Hudson had a duty to defend two companies, 63 Madison Owner LLC ("63 Madison") and Schimenti Company, LLC ("Schimenti"), in the underlying action; (2) Hudson's coverage obligations were primary and non-contributory to Travelers' obligations; (3) Travelers' coverage obligations were excess to

Hudson's; and (4) Travelers was entitled to costs incurred in defending 63 Madison and Schimenti in the underlying action. *Id.*

## DISCUSSION

### I. LEGAL STANDARD

"Where an insurer breaches the duty to defend, it must pay damages in the form of attorneys' fees and litigation expenses reasonably incurred by the insured in defending the underlying action." *United Parcel Serv. v. Lexington Ins. Grp.*, 983 F. Supp. 2d 258, 267–68 (S.D.N.Y. 2013)..[1] "Generally, the insurer will be liable for defense costs from the time that the duty was triggered (i.e., when a complaint alleging facts arguably entitling the insured to coverage is made) until it is determined that the actual facts place the case outside the coverage provided." *Id.* at 268. When an insurer has breached its duty to defend, "the insured's fees are presumed to be reasonable and the burden shifts to the insurer to establish that the fees are unreasonable." *Olin Corp. v. Ins. Co. of N. Am.*, 218 F. Supp. 3d 212, 228 (S.D.N.Y. 2016).

### II. TRAVELERS' MOTION IS GRANTED

Travelers requests a total of $164,259.95 for costs incurred in defending the parties in the underlying action: $140,248.52 on behalf of Schimenti, and $24,011.43 on behalf of 63 Madison. *See* Dkt. No. 104-1 ("Mot.") at 2–5. In addition, Travelers requests both prejudgment and post-judgment interest, with prejudgment interest accruing from the date each portion of the damages was incurred. *Id.* at 5–6. Travelers also requests leave for subsequent inquests in order to secure judgment against Hudson for any defense costs Travelers continues to incur. *Id.* at 10–11.

In opposing Travelers' motion, Hudson advances four arguments. First, Hudson urges the Court to disregard the declaration of Kimberly Baker attesting to Travelers' defense costs

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

related to 63 Madison. Opp. at 2–4. Second, Hudson contends that Travelers cannot recover fees incurred before August 9, 2023 with respect to 63 Madison, *id.* at 4–7, and before January 21, 2022 with respect to Schimenti, *id.* at 8–15. Third, Hudson argues that Travelers' invoices include excessive and unreasonable entries, warranting a twenty-five-percent across-the-board reduction. *Id.* at 15–23. And fourth, Hudson argues that prejudgment interest, instead of accruing from the earliest ascertainable date for each cause of action, should accrue from the midpoint date of those causes of action. *Id.* at 23–24. The Court rejects each argument in turn.

**A. Declaration of Kimberly Baker**

Hudson contends that the Court should fully disregard the declaration of Kimberly Baker, Dkt. No. 104-6 ("Baker Decl."), because she was never disclosed as a witness prior to Travelers' motion for a money judgment. Opp. at 2. Federal Rule of Civil Procedure 37(c)(1) provides in relevant part that any "party [that] fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Failure to comply with Rule 37(c)(1) is harmless "when there is no prejudice to the party entitled to the disclosure." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002).

Even assuming Travelers had a duty to supplement its Rule 26 disclosures to identify Ms. Baker, any failure was harmless because there is no identifiable prejudice. In her declaration, Ms. Baker states that she "was assigned to handle . . . Travelers' claim for the defense of 63 Madison in the Underlying Action, in December of 2024," Baker Decl. ¶ 5, and that the hourly rates of 63 Madison's choice of defense counsel Morris Duffy Alonso Faley & Pitcoff ("Morris Duffy") "were customary and consistent with other counsel of their background and experience retained by Travelers in similar negligence cases," *id.* ¶ 6. Ms. Baker further represents that she

"reviewed the billing statements and invoices paid by Travelers and believe[s] the legal fees and expenses were reasonable and necessary expenditures in connection with the defense of 63 Madison in the Underlying Action." *Id.* ¶ 12. Thus, Ms. Baker's declaration primarily authenticates Travelers' payment records and summarizes invoices Travelers produced prior to filing its motion. Hudson's objections concern the legal sufficiency of the tenders and the objective reasonableness of the billing records—issues the Court resolves based on the documentary record and its independent review of the invoices, not on Ms. Baker's opinions on the reasonableness of Morris Duffy's rates. Accordingly, exclusion is unwarranted..[2]

**B. 63 Madison Fees Incurred Before August 9, 2023**

Hudson next argues that Travelers is not entitled to reimbursement of any fees incurred by 63 Madison prior to August 9, 2023, because Travelers' October 25, 2021 email was not an effective tender on behalf of 63 Madison. Opp. at 4–6. Hudson claims instead that Travelers' first tender occurred in May 2023, when Travelers served its complaint on Hudson in the declaratory-judgment action. *Id.* at 7. Hudson disputes the validity of the October 25, 2021 tender on the grounds that (1) the tender was sent not to Hudson, but to Hudson's insurance broker, *id.* at 5–6, and (2) the tender fails to identify 63 Madison as the tendering entity, *id.* at 6–7. Neither argument withstands scrutiny.

The record demonstrates that Travelers first tendered the defense and indemnity of both Schimenti and 63 Madison on April 19, 2021. *See* Dkt. No. 67-8. After the complaint in the underlying action was filed on July 14, 2021, Dkt. No. 67-5, Travelers renewed that tender. Dkt. No. 67-9; *see also* Dkt. No. 113-12. Contrary to Hudson's contention, the record contains

[2] The Court also notes that Hudson had the opportunity to raise the issue of deposing Ms. Baker at the January 15, 2026 conference concerning Hudson's motion to compel. *See* Dkt. No. 95. Hudson failed to mention any issue with a "surprise witness" then, despite Travelers having filed its motion for a money judgment three weeks prior. The Court will not countenance Hudson's eleventh-hour protest now.

certificates of mailing corresponding to both tenders, each identifying "Hudson Excess Insurance Co." as a recipient. *See* Dkt. Nos. 113-10, 113-11. Hudson's emphasis on the October 25, 2021 email to the insurance broker therefore misses the point. Whatever role that email served, the objective record establishes that Travelers separately mailed the tender letters directly to Hudson. *See Kurz v. Chase Manhattan Bank USA, N.A.*, 319 F. Supp. 2d 457, 463 (S.D.N.Y. 2004) ("[E]vidence of proper mailing gives rise to a rebuttable presumption of receipt.").

Hudson's argument that the tender failed to identify 63 Madison fares no better. The tender letter enclosed the subcontract between Schimenti and Park Construction, which expressly identifies the "Owner" as "63 Madison Owner LLC." *See* Dkt. No. 67-4 at 1. Read in context, the reference to the "Owner" in the tender letter unambiguously referred to 63 Madison, and Hudson's contrary reading is refuted by the record.

Accordingly, the Court rejects Hudson's argument and permits Travelers' claim for reimbursement of fees incurred on behalf of 63 Madison prior to August 9, 2023.

**C. Schimenti Fees Incurred Before January 21, 2022**

Hudson likewise argues that Travelers may not recover defense costs incurred on behalf of Schimenti before January 21, 2022, because Travelers failed to establish that Hudson received the tender letters before November 16, 2021. Opp. at 8. According to Hudson, its defense obligation did not arise until it acknowledged receipt of the tender correspondence on November 16, 2021, and Travelers must further allow Hudson a "thirtyday grace period" to process the tender before any reimbursement obligation attached. *Id.* at 13.

Hudson's argument is devoid of legal support. Hudson cites no authority for the proposition that an insurer's duty to cover defense costs begins only as of the date it acknowledges receipt of a tender. *See* Opp. at 13–14. To the contrary, courts recognize that

"insurers are responsible for defense costs from the point at which their duty to defend was triggered, or at least from the date of tender." *Travelers Indem. Co. v. Hudson Excess Ins. Co.*, No. 24-CV-7582 (JSR), 2025 WL 3241188, at *2 (S.D.N.Y. Nov. 20, 2025).

Here, Hudson's duty to defend arose no later than July 14, 2021, when the complaint in the underlying action was filed. Accordingly, the Court rejects Hudson's argument and permits Travelers' claim for reimbursement of fees incurred on behalf of Schimenti prior to January 21, 2022.

**D. Reasonableness of Fees**

Hudson also argues that Travelers' invoices warrant a 25% reduction because the requested fees are "unreasonable, duplicative, excessive and block-billed." Opp. at 21. As noted *supra*, when an insurer has breached its duty to defend, the "insured's fees are presumed to be reasonable and the burden shifts to the insurer to establish that the fees are unreasonable." *Olin*, 218 F. Supp. 3d at 228. Hudson fails to meet its burden.

*First*, Hudson directs the Court to several entries that are purportedly unreasonable and excessive. Opp. at 21–23. But none of the highlighted entries clearly support Hudson's contention.

At the outset, the Court agrees with Travelers that "the exact charges in dispute cannot be determined because Hudson's opposition fails to address the disputed charges with any degree of specificity." Dkt. No. 117 ("Reply") at 2. For example, Hudson objects to Invoice No. 7820090, on the basis that "Attorney Malik billed over twelve hours to review a summary judgment motion filed by [a codefendant in the underlying action] . . . all without drafting a single document in the subject motion practice." Opp. at 21. But Hudson fails to identify which of Attorney Malik's approximately seventy billing entries from that invoice are in dispute. The

Court declines to undertake a line-by-line analysis of Travelers' submitted billing entries. *See Reiter v. Metro. Transp. Auth. of State of New York*, No. 01-CV-2762 (GWG), 2007 WL 2775144, at *13 (S.D.N.Y. Sept. 25, 2007) ("[A] district court is not required to set forth item-by-item findings concerning what may be countless objections to individual billing items.").

The entries the Court has reviewed reinforce the presumption of reasonableness. For instance, Hudson argues that Invoice No. 8955979 "contains duplicative legal work on September 28, 2023, as two attorneys billed for research on the same issue." Opp. at 22. The billing entries, however, do not reveal facially duplicative work. *See* Dkt. No. 104-7 at 26. Moreover, "multiple attorneys often review the same material for various, reasonable purposes." *Travelers Indem. Co.*, 2025 WL 3241188, at *3. Likewise, Hudson objects that an attorney billed 2.3 hours to prepare for a court conference that lasted 1.3 hours. Opp. at 22. That objection, standing alone, does not demonstrate that the time expended was unreasonable or excessive. As practicing attorneys understand, the time necessary to adequately prepare for a proceeding can often exceed the length of the proceeding itself, depending on the subject matter and purpose of the conference, among other factors.

More fundamentally, Hudson's objections consist largely of generalized assertions that the billing entries are "unreasonable," "duplicative," "excessive," or "block-billed," without the specificity required to overcome the presumption that the fees incurred were reasonable. The Court declines Hudson's invitation to comb through hundreds of billing entries based on conclusory objections unsupported by meaningful analysis or evidence.

*Second*, Hudson claims that the hourly rates charged by Gordon & Rees LLP ("Gordon Rees"), the firm retained as defense counsel for Schimenti in the underlying action, "are well beyond the prevailing market rate," warranting a reduction of at least twenty percent. Opp. at 18.

Contrary to Hudson's assertion, the fees charged by Gordon Rees are in line with the prevailing market rate in the community. *See, e.g.*, *LM Ins. Corp. v. Safety Nat'l Cas. Corp.*, 771 F. Supp. 3d 190, 203 (E.D.N.Y. 2025) (finding hourly rate ranges from $300 to $450 per hour for partners, $200 to $325 per hour for associates, and $75 to $150 per hour for paralegals are presumptively reasonable amounts).

*Third*, Hudson argues that Travelers' invoices are "rampant with block billing entries." Opp. at 20. Though block billing is disfavored, that does not mean that the Court rejects block bills wholesale. Specifically, block billing is disfavored when the practice prevents a Court from accurately breaking the fee application into the individual tasks of which it is comprised. *See Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04-CV-3600 (SWK), 2005 WL 3099592, at *5 (S.D.N.Y. Nov. 17, 2005). Such is not the case here, where Travelers' invoices are reasonably broken out to provide the Court with enough information to conclude that the hours charged are reasonable for the tasks listed. *See Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10-CV-1853 (PGG), 2011 WL 1002439, at *8 (S.D.N.Y. Mar. 16, 2011) (accepting block bills because the time entries nevertheless indicated what specific tasks were being performed).

Hudson fails to direct the Court to any specific entry that inadequately lists the tasks performed. And, in many entries, the block-billed time is readily broken down into the tasks performed by attorneys. For example, Invoice No. 8878801, which Hudson suggests contains vague, block-billed entries, Opp. at 22, explicitly lays out the tasks accomplished in each entry. Dkt. No. 104-3 at 97–100. Accordingly, any purported block billing does not warrant a reduction in fees.

Hudson's arguments fail to overcome the presumption of reasonableness. Accordingly, the Court rejects Hudson's contention that the bills were excessive and declines to impose a 25% deduction from Travelers' invoices.

**E. Prejudgment Interest**

"N.Y. C.P.L.R. § 5001 requires an award of prejudgment interest on defense costs incurred when the prevailing party receives an award due to a breach of performance of a contract." *Travelers Indem. Co.*, 2025 WL 3241188, at *5. "New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or a single reasonable intermediate date, which can be used to simplify the calculation." *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998); *see also Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994) ("[S]ection 5001 grants courts wide discretion in determining a reasonable date from which to award pre-judgment interest.").

Travelers requests interest accrual from the date of each defense cost incurred. Reply at 9. Hudson, on the other hand, requests that interest begin accruing from a single midpoint date. Opp. at 23–24. Hudson, however, does not provide a reason for the use of a single midpoint date besides the presumption that the Court will reduce Travelers' requested bills. Because the Court is not reducing Travelers' fee requests, this argument is rejected, and prejudgment interest will accrue from the date of each invoice. *See Travelers Indem. Co.*, 2025 WL 3241188, at *5.

**CONCLUSION**

For the foregoing reasons, Travelers' motion for a money judgment, Dkt. Nos. 103 and 104, is GRANTED in its entirety. In addition, Travelers' motions to seal certain matters related to attorney's fees, Dkt. Nos. 102 and 114, are GRANTED. By no later than October 2, 2026, Travelers shall submit a proposed judgment setting forth the full amounts (including

prejudgment interest) contemplated by this decision and submit it to the Court (with a copy to Hudson).

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 102, 103, 104, and 114.

Dated: September 18, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge